UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MMM VENTURES LTD.,                                    :
                                                      :
                        Plaintiff,                    :    08 Civ. _____
                                                      :
       - against -                                    :    ECF CASE
                                                      :
NEPTUNE SHIPPING SA,                                  :
                                                      :
                        Defendant.                    :
------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, MMM VENTURES LTD., (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, NEPTUNE SHIPPING SA (hereinafter "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3. Plaintiff was at all material times the disponent Owner of the ocean going vessel "CMB YANGTZE" (hereinafter the "Vessel).

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

5. By a charter party dated November 24, 2006, the Plaintiff time chartered the Vessel to Defendant.

6. In accordance with the Charter Party, Defendant was to pay hire at the rate of "USD $28,000.00 daily including overtime payable 15 days in advance."

7. During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay hire due and owing to Plaintiff under the charter party.

8. As a result of Defendant's breach of the charter party, Plaintiff sustained damages in the principal amount of $814,549.79, exclusive of interest, arbitration costs and attorneys fees. *See invoice detailing principal amount owed annexed hereto as Exhibit "1."*

9. Pursuant to the charter party, all disputes arising thereunder were to be submitted to arbitration in London with English Law to apply.

10. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

11. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim: | $814,549.79 |
| B. | Estimated interest on claim - 3 years at 7.0% compounded quarterly: | $188,518.85 |

|   |   |   |
|---|---|---|
| C. | Estimated arbitration costs, attorneys fees and expenses: | $175,000.00 |
| **Total:** |   | **$ 1,178,068.64** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any arbitration award and/or judgment rendered on the claims had herein as a Judgment of this Court;

D. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

3

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendant, up to the amount **$1,178,068.64** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  E. That in the alternative, this Court enter Judgment against Defendant on the claims set forth herein;

  F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

  G. That this Court award Plaintiff its attorney's fees and costs of this action; and

  H. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: April 21, 2008
   Southport, CT

          The Plaintiff,
          MMM VENTURES LTD.,

          By: _____
          Nancy R. Peterson
          Patrick F. Lennon
          LENNON, MURPHY & LENNON, LLC
          420 Lexington Ave., Suite 300
          New York, NY 10170
          (212) 490-6050 – phone
          (212) 490-6070 – fax
          nrp@lenmur.com
          pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut    )
                        )   ss.:   Town of Southport
County of Fairfield     )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    April 21, 2008.
          Southport, CT

                                           _____
                                           Nancy R. Peterson

EXHIBIT "1"

22nd C/hire as of 18 April 2008
MV CMB Yangtze / Neptune
C/P 24 November 2006

| | | | | | | | US$ | US$ |
|---|---|---|---|---|---|---|---|---|
| DELY: | 9:45 | GMT | 29-05-07 | | | | | |
| REDELY: | 9:45 | GMT | 23-04-08 | | | | | |
| | | TOTAL | 330.00000 DAYS | ######## | | | ######### | |
| ADD: | GROSS BALLAST BONUS | | | | | | | |
| | | | | | | | | |
| LESS: | 3.75% | | ADDRESS COMMISSION | | | | | 346,500.00 |
| LESS: | | | BROKERAGE COMMISSION | | | | | - |
| | | | | | | | | |
| ADD: | BUNKERS ON DELIVERY | | | | | | | |
| | IFO | 96.158 MT | | | $ | 379.50 | 36,491.96 | |
| | MDO | 18.758 MT | | | $ | 672.50 | 12,614.76 | |
| | | | | | | | | |
| LESS: | BUNKERS ON REDELIVERY | | | | | | | |
| | IFO | 145.00 MT | | | $ | 505.00 | | 73,225.00 |
| | MDO | 70.00 MT | | | $ | 980.00 | | 68,600.00 |
| | | | | | | | | |
| ADD: | CABLES/VICTUALLING | | | | | | | |
| | | 330.000 DAYS | | X | $ 1,400.00 /MONTH | | 15,189.07 | |
| | | | | | | | | |
| ADD: | ITHC SHANGHAI/N.ORLEANS - STEEL PIPES | | | | | | 2,500.00 | |
| ADD: | ITHC DAVANT/JORF LASFAR - STEAM COAL | | | | | | 2,500.00 | |
| ADD: | ITHC N.ORLEANS/MOKPO - BULK YELLOW CORN | | | | | | 2,500.00 | |
| ADD: | ITHC SURIGAO/JIANGYIN - NICKEL ORE | | | | | | 2,500.00 | |
| ADD: | ITHC RIZHAO/PORT HARCOURT - BULK CEMENT | | | | | | 4,500.00 | |
| ADD: | ILOHC | | | | | | 4,500.00 | |
| | | | | | | | | |
| ADD: | ADDITIONAL WAR RISK PREMIUM FOR PORT HARCOURT | | | | | | 278,100.00 | |
| ADD: | STEVEDORE DAMAGE - GANGWAY | | | | | | 6,800.00 | |
| ADD: | CLEANING MATERIAL | | | | | | 1,184.00 | |
| ADD: | STEVEDORE DAMAGE - HULL (TEMPORARY REPAIRS) | | | | | | 7,900.00 | |
| ADD: | STEVEDORE DAMAGE - HULL (PERMANENT REPAIRS) | | | | | | 20,000.00 | |
| ADD: | MOORING ROPES | | | | | | 59,400.00 | |
| | | | | | | | | |
| LESS: | ON-HIRE SURVEY | | | | | | | 400.00 |
| ADD: | OFF-HIRE SURVEY AT HCMC | | | | | | | |
| | | | | | | | | |
| LESS: | 1ST C/HIRE RECEIVED ON 06JUN2007 | | | | | | | 454,059.72 |
| LESS: | 2ND C/HIRE RECEIVED ON 14JUN2007 | | | | | | | 404,950.00 |
| LESS: | 3RD C/HIRE RECEIVED ON 28JUN2007 | | | | | | | 404,950.00 |
| LESS: | 4TH C/HIRE RECEIVED ON 16JUL2007 | | | | | | | 404,950.00 |
| LESS: | 5TH C/HIRE RECEIVED ON 27JUL2007 | | | | | | | 404,950.00 |
| LESS: | 6TH C/HIRE RECEIVED ON 10AUG2007 | | | | | | | 404,950.00 |
| LESS: | 7TH C/HIRE RECEIVED ON 28AUG2007 | | | | | | | 404,950.00 |
| LESS: | 8TH C/HIRE RECEIVED ON 12SEP2007 | | | | | | | 407,450.00 |
| LESS: | 9TH C/HIRE RECEIVED ON 26SEP2007 | | | | | | | 404,450.00 |
| LESS: | 10TH C/HIRE RECEIVED ON 10OCT2007 | | | | | | | 404,450.00 |
| LESS: | 10TH C/HIRE RECEIVED ON 15OCT2007 | | | | | | | 3,500.00 |
| LESS: | 11TH C/HIRE RECEIVED ON 26OCT2007 | | | | | | | 405,350.00 |
| LESS: | 12TH C/HIRE RECEIVED ON 13NOV2007 | | | | | | | 404,950.00 |
| LESS: | 13TH C/HIRE RECEIVED ON 26NOV2007 | | | | | | | 407,450.00 |
| LESS: | 14TH C/HIRE RECEIVED ON 10DEC2007 | | | | | | | 378,251.43 |
| LESS: | 14TH C/HIRE RECEIVED ON 11DEC2007 | | | | | | | 26,698.57 |
| LESS: | 15TH C/HIRE RECEIVED ON 27DEC2007 | | | | | | | 404,950.00 |
| LESS: | 16TH C/HIRE RECEIVED ON 09JAN2008 | | | | | | | 404,950.00 |
| LESS: | 17TH C/HIRE RECEIVED ON 25JAN2008 | | | | | | | 404,950.00 |
| LESS: | 18TH C/HIRE RECEIVED ON 11FEB2008 | | | | | | | 404,950.00 |
| LESS: | 19TH C/HIRE RECEIVED ON 22FEB2008 | | | | | | | 404,950.00 |
| LESS: | 20TH C/HIRE RECEIVED ON 10MAR2008 | | | | | | | 409,364.83 |
| LESS: | 21ST C/HIRE RECEIVED ON 26MAR2008 | | | | | | | 169,927.39 |
| LESS: | 22ND C/HIRE RECEIVED ON 09APR2008 | | | | | | | 63,053.06 |
| | | | | | | | 9,696,679.79 | 8,882,130.00 |
| | | | | | | | | |
| | BALANCE DUE TO OWNERS (CHARTERER) | | | | | | | 814,549.79 |
| | | | | | | | 9,696,679.79 | 9,696,679.79 |

OWNERS BANK DETAILS AS FOLLOWS : -

ACCOUNT NAME : HERITAGE SHIPPING LTD
USD A/C NO. : 400-323622-274
BENEFICIARY BANK : THE HONGKONG AND SHANGHAI BANKING CORP
SWIFT CODE : HSBCHKHHHKH
BANK ADDRESS : 1 QUEEN'S ROAD, CENTRAL, HONG KONG
REFERENCE : MV CMB YANGTZE / NEPTUNE